UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JESSE PARAULT, IV

VERSUS

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA, ET AL.

CIVIL ACTION

NO. 18-1053-BAJ-EWD

**NOTICE AND ORDER**

Plaintiff, Jesse Parault, IV ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court on May 3, 2018 seeking to recover damages for injuries allegedly sustained in a May 23, 2017 automobile accident. Per the Petition, Plaintiff names the following defendants: (1) The Insurance Company of the State of Pennsylvania; (2) Chimovi Ogbundiogu ("Ogbundiogu"); and (3) Connect One Cabling, LLC ("Connect One").[1]

On November 30, 2018, The Insurance Company of the State of Pennsylvania (the "Removing Defendant") filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[2] For the reasons set forth herein, the Removing Defendant's allegations regarding the citizenship of Plaintiff and certain defendants in this action are insufficient.[3]

---

[1] R. Doc. 1-2.

[2] R. Doc. 1.

[3] With respect to the Removing Defendant, the Notice of Removal provides that The Insurance Company of the State of Pennsylvania is incorporated in the State of Illinois with its principal place of business in New York. This is sufficient to allege the citizenship of The Insurance Company of the State of Pennsylvania. *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

First, although Connect One has been named as a defendant, there are no allegations regarding Connect One's citizenship in the Notice of Removal. To allege the citizenship of Connect One, the Removing Defendant must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4] The same requirement applies to any member of a limited liability company which is also a limited liability company.[5]

Second, as to Plaintiff and the individual defendant, Ogbundiogu, the Notice of Removal only alleges these individuals' residency.[6] However, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."[7] Further, although the Notice of Removal does not adequately allege the citizenship of Plaintiff or Ogbundiogu, based on the allegations therein, it appears that complete diversity between the parties to this action may not exist.[8] To the extent the Removing Defendant's position is that the citizenship of an unserved defendant can be disregarded, the Fifth Circuit has held that "non-diverse citizenship cannot be ignored simply

---

[4] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[5] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[6] The Removing Defendant alleges that Plaintiff "is a resident of the Parish of East Baton Rouge, State of Louisiana" and that Chimovi Ogbundiogu "is alleged to be a citizen of Louisiana" based on citation to the Petition. R. Doc. 1, ¶¶ 10-11. In the Petition, Chimovi Ogbundiogu is alleged to be a "resident of the State of Louisiana residing in east Baton Rouge Parish…." R. Doc. 1-2, ¶ 1.

[7] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[8] If Plaintiff and Ogbundiogu are both Louisiana domiciliaries, there is not complete diversity as required for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. In its Notice of Removal, the Removing Defendant asserts that although the Removing Defendant was named as a defendant pursuant to the Louisiana direct action statute, it does not take on the citizenship of its insured because its insured is also named as a defendant. R. Doc. 1, ¶ 5. The Removing Defendant is correct that because the insured is a named defendant, the Removing Defendant does not take on the insured's citizenship pursuant to 28 U.S.C. § 1332(c)(1). However, while the Removing Defendant may not be considered a citizen of Louisiana, that does not change the fact that Ogbundiogu, if indeed he is a domiciliary of Louisiana, is not diverse from Plaintiff.

because [the defendant is] an unserved defendant."⁹ "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."¹⁰

Accordingly,

**IT IS HEREBY ORDERED** that The Insurance Company of the State of Pennsylvania shall file, within seven (7) days of this Notice and Order either: (1) a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of Plaintiff, Chimovi Ogbundiogu, and Connect One Cabling, LLC; or (2) a Motion to Withdraw its Notice of Removal and remand the case. No further leave of court shall be required to timely file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on December 20, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

⁹ *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

¹⁰ *Id*. (collecting cases). *See also*, *Porter v. Loney*, Civil Action No. 16-100, 2017 WL 9485598, at * 4 (M.D. La. May 18, 2017) ("To be clear, '[t]he United States Supreme Court has held that the citizenship of all defendants, whether served with process or not, is to be considered when determining whether complete diversity exists in a removed lawsuit.'") (citing *In re Norplant Contraceptive Products Liability Litigation*, 889 F.Supp. 271, 273 (E.D. Tex. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)); *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988) ("We begin by recognizing that the simple fact that a resident [and non-diverse] defendant has not yet been served does not, in and of itself, entitle a non-resident [and diverse] defendant to remove."). In its Notice of Removal, Removing Defendant cites *Gorman v. Schiele*, Civil Action No. 15-790, 2016 WL 3583640 (M.D. La. May 20, 2016) and intimates that the case stands for the proposition that the citizenship of an unserved defendant may be disregarded. R. Doc. 1, ¶ 13. While the forum defendant rule as set out in 28 U.S.C. § 1441(b)(2) provides a procedural bar against removal when there is a properly joined and served forum defendant, that rule (which was at issue in *Gorman*) does not address the jurisdictional question of whether the parties are completely diverse.